# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

RAMON PALACIOS, Jr.,

    *Plaintiff,*                                    CASE NO. 14-CV-12287

*v.*                                                 DISTRICT JUDGE THOMAS L. LUDINGTON
                                                      MAGISTRATE JUDGE PATRICIA T. MORRIS

WELLS FARGO BANK, N.A.,

    *Defendant.*
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Doc. 7)

### I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 7) be **GRANTED**.

### II.     REPORT

#### A.     Introduction

This mortgage foreclosure action was initially filed in the Saginaw County Circuit Court, State of Michigan on May 2, 2014, and the case was removed to this Court on June 10, 2014, by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (Doc. 1.)

The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on June 18, 2014. (Doc. 4.)

On July 10, 2014, Defendant Wells Fargo filed the instant motion to dismiss. (Doc. 7.) Plaintiff responded on August 28, 2014 (Doc. 11), and Defendant replied. (Doc. 12.) Therefore,

the motion is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

**B.     Factual Background**

Plaintiffs' property is commonly known as 13310 South Merrill Road, Brant, Michigan 48614 (the "property"). (Doc. 1 at ID 14; Doc. 7 at ID 147.) On April 27, 2009, Plaintiff entered into the subject mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee as security on a promissory note and loan in the amount of $42,373 with Platinum Home Mortgage Corporation.  The mortgage was recorded with the Saginaw County Register of Deeds on May 8, 2009, in Liber 2535, Page 1862. (Doc. 7 at ID 147; Exs.1, 2.)  On or about January 7, 2013, MERS assigned the mortgage to Defendant Wells Fargo. (Doc. 7 at ID 147, Ex. 3.) The assignment was recorded with the Saginaw County Register of Deeds on January 9, 2013, in Liber 2706, page 2004. (*Id.*)

Plaintiff defaulted, foreclosure by advertisement proceedings were commenced, and culminated in a sheriff's sale on November 1, 2013. Defendant Wells Fargo purchased the property for $105,000 and received a sheriff's deed on mortgage sale. (Doc. 7 at ID 148.) The sheriff's deed was recorded on November 6, 2013, in Liber 2751, page 1073, of the Saginaw County Register of Deeds. (Doc. 7 at ID 148, Ex. 4.)

Plaintiff's complaint does not dispute that he defaulted on the mortgage loan nor does it allege that the foreclosure process was improper. In addition, Plaintiff does not aver that he ever attempted to redeem the property.

**C.     The Complaint**

2

The complaint alleges that Plaintiff lost employment in 2012. After resuming employment, in October 2013, Plaintiff retained counsel "in an attempt to negotiate a loan modification agreement with Defendant." (Doc. 1 at ID 15.) Plaintiff completed all the necessary documents and on October 16, 2013, Plaintiff "was told by an unidentified agent of Wells Fargo that it was too late for Plaintiff to submit his loan modification application as the Sheriff's sale date [November 1, 2013] was too close." (*Id.*) Plaintiff's counsel indicated to Plaintiff that this practice was contrary to the "common practice for most (if not all) banks." (*Id.*) After Plaintiff's counsel requested that the sale be postponed, the "unidentified agent of Wells Fargo advised [Plaintiff's counsel] that he would inquire as to whether the Sheriff's sale could be adjourned and get back to him." (*Id.*) After hearing nothing, Plaintiff's counsel contacted Wells Fargo on October 23, 2013, and "was advised that Wells Fargo had not yet made a decision as to whether the Sheriff's sale could be postponed, but that he would receive a return phone call shortly." (Doc. 1 at ID 16.) On October 30, 2013, Plaintiff's counsel contacted Wells Fargo "was advised that he would hear back from Wells Fargo shortly." (*Id.*) Plaintiff's property was sold on November 1, 2013, and Plaintiff "[t]o this date, neither [Plaintiff's counsel] nor Plaintiff has received a return phone call from Wells Fargo." (*Id.*) "Plaintiff remains ready, willing and able to pay back the arrearages on his loan by way of a repayment plan or loan modification. However, due to the fact that Wells Fargo rushed to a Sheriff's sale and has been unwilling to respond to his (and his agents) repeated requests for consideration for a loan modification, he faces the possibility of losing his home." (*Id.*)

Based on the above facts, Plaintiff avers the following claims: (1) fraudulent misrepresentation/silent fraud; (2) constructive fraud; (3) Michigan's Regulation of Collection

3

Practices Act; (4) promissory estoppel; and (5) negligent misrepresentation of loan. Plaintiff seeks injunctive relief, monetary damages, actual costs and attorney fees.

### D. Motion Standards

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. " *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

    E.    **Analysis & Conclusions**

    1.    **Standing Under Michigan law**

    a.    **Governing Standards**

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that

5

"[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *see also Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 2013) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale."); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("[T]hat Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton*, *Awad*, and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v.*

---

[1] *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

6

*Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 510 F. App'x at 429; *Houston*, 2012 WL 5869918, at *5.

More recently, the Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Id.* at 360 (citation omitted).

**b.     Application**

Here, the only defect or irregularity implicitly cited by Plaintiff is the allegation that his calls seeking loan modification were not returned and thus, he was not provided with a loan modification. (Doc. 1.)

I suggest that none of Plaintiff's allegations establish a defect or irregularity in the foreclosure process sufficient to provide standing under Michigan law to have the foreclosure set aside after the lapse of the redemption period. Plaintiff has not challenged the fact that they defaulted, that foreclosure by advertisement proceedings were properly commenced, that Defendant purchased the subject property, and that no attempts at redemption were made by Plaintiff during the statutory redemption period. Plaintiff instead appears to rely on the fact that he was denied the possibility of a loan modification. However, even under HAMP, there is "no

duty on [a] mortgage lender to modify [a] mortgage even if the borrower meets modification requirements." *Duff*, 2012 WL 692120, at *5; *accord Dixon v. Wells Fargo Bank, NA*, No. 12-10174, 2012 WL 4450502, at *9 (E.D. Mich. Sept. 25, 2012). Therefore, a failure to provide a loan modification does not create a defect or irregularity in the foreclosure process that would allow the foreclosure to be set aside. *See Fannie Mae v. Mandry*, No. 12-13236, 2013 WL 687056, at *7-8 (E.D. Mich. Feb. 26, 2013).

### 2. Prejudice Under Michigan Law

I further suggest that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable and not void. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 118, 825 N.W.2d 329 (2012) ("[W]e hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*."); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.*, 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void."); *Mitan v. Fed. Home Loan Mort. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012) ("Notice defects render a foreclosure voidable."). Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v.*

8

*Bank of America, N.A.,* No. 12-cv-12281, 2013 WL 440163, at *4 (E.D. Mich. Jan 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *7 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).

I suggest that Plaintiff in the instant case suffers from the same failure: he has not sufficiently alleged prejudice. Here, Plaintiff has not challenged the fact that he defaulted on the loan, nor has he alleged that he ever attempted to redeem the property. Thus, even if he could show some defect, I suggest that he cannot show prejudice and cannot receive the relief he requests. I therefore suggest that Defendant's motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

### 3. Merits of Plaintiff's Claims

#### a. Fraudulent Misrepresentation/silent fraud, constructive fraud–Counts 1 and 2

Even if Plaintiff has standing, I suggest that he has not stated a claim upon which relief could be granted as to these fraud claims. I therefore suggest that Defendant's motion to dismiss should be granted on the merits.

Under Michigan law, a claim of fraud requires the plaintiff to prove: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intent that the plaintiff rely upon it; (5) that plaintiff relied upon it; and (6) that the plaintiff suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich.

9

1976). "'There is no fraud where means of knowledge are open to the plaintiff and the degree of their utilization is circumscribed in no respect by defendant.'" *Aron Alan, L.L.C. v. Tanfran, Inc.*, 240 F. App'x 678, 682 (6th Cir. 2007) (quoting *Webb v. First of Mich. Corp.*, 491 N.W.2d 851, 853 (Mich. Ct. App. 1992)).

I suggest that Plaintiff has not alleged facts that could satisfy the elements of a fraud claim. I further suggest that Plaintiff's fraud claims should also be dismissed for failure to meet the special pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. Under this rule, a plaintiff must: "(1) specify the statements that [he or she] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

Plaintiff's complaint does not meet the standard by simply referring to Defendant's failure to return phone calls and thus, failure to provide a loan modification. (Doc. 1.) I therefore suggest that Rule 9(b) requires granting Defendant's motion to dismiss Plaintiffs' fraud claims. *Yousif v. Deutsche Bank Nat. Trust Co.*, No. 12-11387, 2013 WL 93319, at *4 (E.D. Mich. Jan. 8, 2013) (dismissing under Rule 9(b) where the plaintiff alleged the defendant had a fraudulent intent to mislead the plaintiff into believing her loan was being modified while simultaneously pursuing foreclosure proceedings).

    **b.**    **Michigan Regulation of Collection Practices Act - Count 3**

Under the Michigan Regulation of Collection Practices Act, Mich. Comp. Laws §§ 445.251-445.258, regulated persons are prevented from communicating with debtors in a misleading or deceptive manner. Mich. Comp. Laws § 445.252. Plaintiff avers that Defendant made misleading statements but does not point to any actual statements made that were misleading.

10

Plaintiff's complaint is based on the fact that Defendant refused to return phone calls thereby failing to discuss loan modifications. The complaint avers a lack of communication but no misleading factual statements. I suggest that Plaintiff's complaint fails to state a claim under this statute as well.

### c. Promissory Estoppel–Count 4

"A promissory estoppel claim is valid where the plaintiff alleges a broken promise that the promisor reasonably expected to, and did, induce action or forbearance to the promisee's detriment. The promise itself must be 'actual, clear, and definite'–a conditional promise will not do." *Olson v. Merrill Lynch Credit Corp.*, 576 F. App'x 506, 511 (6th Cir. 2014) (citations omitted). In addition, "the promisee's reliance must be reasonable." *Id.* In the instant case, the only promise allegedly made and broken by Defendant was that Defendant would return Plaintiff's call. This is not an actual, clear, or definite promise to do anything, nor would it induce action or forbearance, nor would any reliance on it be reasonable. I therefore suggest that Plaintiff's complaint fails to state a claim for promissory estoppel. *Id.* (finding that a promise to review application for loan modification did not state a claim for promissory estoppel).

### d. Negligent Administration of Loan–Count 5

"Under Michigan law, a plaintiff must prove four elements to prevail in a negligence claim: a duty owed by the defendant, a breach of that duty, causation, and damages." *Stacy v. HRB Tax Group, Inc.*, No. 11-2012, 2013 WL 811818, at *2 (6th Cir. Mar. 6, 2013). "Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject

the defendant to liability for negligent conduct." *Friedman v. Dozorc*, 312 N.W.2d 585, 591 (Mich. 1981).[2]

Since Michigan courts maintain the distinction between contract and tort, plaintiffs in a negligence action must "show a duty 'separate and distinct' from that imposed by contract to give rise to tort liability." *Kroger v. AEC Enters. Const., Inc.*, No. 286333, 2009 WL 4981180, at *5 (Mich. Ct. App. Dec. 22, 2009) (quoting *Rinaldo's Constr. Corp. v. Michigan Bell Tel. Co.*, 559 N.W.2d 647, 658 (Mich. 1997). Where "[p]laintiffs only allege that Defendants 'owed various duties and obligations to their mortgagees[,]'" they have "failed to allege any duty that is separate and distinct from the Defendants' contractual obligations, and their negligence claim thus fails." *Whitfield v. Bank of America*, No. 12-cv-14585, 2013 WL 1506588, at *7 (E.D. Mich. Apr. 12, 2013) (collecting cases). In the instant case, Plaintiff has not shown any such separate duty. I therefore suggest that Defendant's motion to dismiss should be granted on this ground as well.

   e.   **Injunctive relief**

To the extent that Plaintiff requests injunctive relief through his general prayer for relief, I suggest that any such request be denied. Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held. Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party*

---

[2]I also note that "Michigan law does not recognize a fiduciary duty owed by lenders to borrowers in mortgage financing." *Jozlin v. U.S. Bank Nat'l Assoc.*, No. 11-12749, 2012 WL 12760, at *6 (E.D. Mich. Jan. 4, 2012).

12

*v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are, (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration*, 511 F.3d at 542. Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

I suggest that the factors, taken together, all weigh in favor of denying any request for injunctive relief. I suggest above that Plaintiff's complaint fails to state a claim upon which relief can be granted, Plaintiff's complaint does not allege the heightened potential suffering of irreparable injury should the injunctive relief be denied, issuance would cause undue and substantial harm, and the public interest would be harmed by issuance of injunctive relief where a proper sheriff's sale has already occurred. I therefore recommend that Defendant's motion to dismiss be granted as to this claim for relief.

### F. Conclusion

For the reasons stated above, I suggest that Defendant's motion to dismiss should be granted.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

13

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 8, 2014          /S PATRICIA T. MORRIS
                                Patricia T. Morris
                                United States Magistrate Judge

14